Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment rendered against the appellant in an action of covenant brought againt him in the court below, by the appellees.
The declaration alledges, that the appellant, by his deed of covenant, acknowledged to have sold and delivered, and did sell and deliver to the appellees, five hogsheads of tobacco, which he thereby warranted and defended to be of the first quality, and to weigh five thousand two hundred pounds; and further covenanted, that should any arrearages take place to the contrary, he oliged himself to pay over to Mr. Jesse Bright (one of the appellees) the difference, on his producing the inspector’s certificate of Orleans: and the appellees aver that they took the said five hogsheads of tobacco to New-Orleans, and had it weighed and inspected by the inspectors of New-Orleans, and the same was condemned and lacked in weight, whereby the appellant became liable to pay the appellees the difference between tobacco of the first quality and tobacco condemned, *147 which was ten dollars per hundred; and the appellees, aver that the said Jesse Bright produced to the appellant the certificate of the inspectors of New-Orleans, dated on the 18th April, 1817, and demanded the arrearage to be made up, and a compensation for the failure—that is, the quantity of tobacco, &c. nevertheless, &c.
Where a deft's liability depends on a condition precedent, pl'tf must alledge & shew the happening of that condition, of a sufficient excuse—1st Marsh. 359, acc.
To this declaration the appellant filed two pleas. By the first he alledged performance of his covenant; and by the second he alledges that the appellees did not present the certificate of the inspectors of New-Orleans according to the covenant, and demand of the appellant any sum as due from him to the appellees, &c. Issues were taken to those pleas, and in the progress of the trial, the counsel for the appellant moved the court to instruct the jury that, although the appellant may have agreed by parol to pay the deficiency of the tobacco, that still the appellees could not recover in this suit unless they produced to him before the commencement of the action the evidence of the bad quality of the tobacco required by the covenant declared on. But the court refused to give the instructions asked, and instructed the jury that if Murray, the appellant, thought the evidence of the bad quality of the tobacco to be sufficient under the covenant at the time such evidence was produced, to him, although he may not have dispensed with the production of the evidence required by the covenant, the appellees might recover.
Whether, therefore, the court decided correctly in refusing the instructions asked for by the appellant, and in giving the instructions it did give to the jury, is the only enquiry to which the attention of this court need be directed in the determination of the present contest.
The correctness of the decision turns exclusively upon, the question, whether or not, to authorise the appellees to recover, evidence of their having produced to the appellant the certificate of the inspectors of New-Orleans should have been introduced before the jury?
In deciding upon this question, it must be borne in mind, that by the covenant declared on, the liability of the appellant is made to depend upon the certificate being produced to him. The production of the certificate, therefore, is a condition precedent to the performance of the covenant by the appellant; and, consequently, in an action brought against him for the nonperformance of the covenant on his part, the declaration should expressly aver that the inspec *148 tors’ certificate was produced to the appellant, or alledge a sufficient excuse for its nonproduction.
When the plaintiff avers that the contingency has happened, & the defend’nt traverses, it is a departure for plaintiff to reply an excuse.
Bibb for appellant, Wickliffe contra.
But in case of an averment of the certificate having been actually produced, it would certainly be irregular in replying to a plea traversing that averment, for the appellees to alledge an excuse for not producing it. Such a replication would be departing from the averment contained in the declaration, and in direct violation of the settled rules of pleading.
In the present case, however, the declaration avers, and an issue is taken to the averment, that the inspectors’ certificate was produced to the appellant.
But as the appellees would not have been allowed, after averring, in their declaration, the production of the certificate, to reply any matter of excuse for not having produced it, we apprehend, it follows conclusively, that on the trial of an issue taken to an averment of their having produced the certificate, no evidence excusing the failure to produce it, can authorise a recovery.
The court, therefore, should have instructed the jury, that unless the appellees produced the certificate of the inspectors to the appellant before the commencement of the action, they could not recover, and consequently for the refusal to give such instructions, the judgment must be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.